KARON CORPORATION, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Karon Corp. v. Commissioner
Docket No. 5938-74.
United States Tax Court
T.C. Memo 1975-283; 1975 Tax Ct. Memo LEXIS 87; 34 T.C.M. (CCH) 1230; T.C.M. (RIA) 750283; September 15, 1975, Filed Lewis T. Wireman and Donovan H. Jacoby (officers), for the petitioner. Thomas L. Kummer and Robert P. Ruwe, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined deficiencies in the amounts of $3,150.66 and $363.13 in petitioner's Federal income tax for 1970 and 1971, respectively. The only issue to be resolved is whether petitioner is liable for the personal holding company tax imposed by section 541. [1]/ All the facts are stipulated. Petitioner is a corporation organized under the laws of the State of Indiana, with its principal place of business in Lafayette, Indiana. Petitioner filed its Federal income tax returns for 1970 and 1971 with the Internal Revenue Service Center at Covington, Kentucky. During 1970 and 1971, petitioner engaged in the business of residential house rental from which *90 it received gross rents of $6,424.08 in 1970 and $2,800 in 1971. Among the expenses associated with this income, as set forth in petitioner's income tax returns, are: Property Year
Interest
Tax
Depreciation
Total
1970
$2,222.55
$1,311.43
$2,233.68
$5,767.66
1971
$3,421.99
$1,206.29
$1,597.46
$6,224.84 During these same taxable years, petitioner also held certain consumer loans from which it received interest income of $6,097.75 in 1970 and $4,714.08 in 1971. This income was derived from the active and regular conduct of a lending or financing business. Petitioner received $826 of ordinary gain from the sale of residential rental property in 1971. During the tax years in issue, petitioner's outstanding stock was owned as follows: Years
Shareholder
Percentage
1970-1971
Lewis T. Wireman
50
Donovan H. Jacoby
50
Respondent determined that for 1970 and 1971, petitioner was subject to the personal holding company tax imposed by section 541. To constitute a "personal holding company," which is subject to the tax imposed by section 541, a corporation must meet both a stock ownership and an income test, prescribed *91 by section 542(a), viz., (1) more than 50 percent of its stock in value must be owned directly or indirectly, actually or constructively, by five or fewer individuals, and (2) at least 60 percent of its "adjusted ordinary gross income" must be "personal holding company income," defined in the manner discussed below. Since all of petitioner's stock was owned by two individuals, Lewis T. Wireman and Donovan H. Jacoby, the stock ownership test is met. The only issue, therefore, is the income test, and in the instant case the application of this test requires consideration of the definitions of "adjusted ordinary gross income" in section 543(b)(2), as it relates to rental income and interest income, and "personal holding company income" in section 543(a). Section 543(b)(2)(A) defines "adjusted ordinary gross income" to include gross income from rents, reduced by allowable deductions for (1) depreciation, (2) property taxes, (3) interest, and (4) rent, to the extent these deductions are allocable to such gross income from rents. Accordingly, for 1970 and 1971, the allocable deductions listed above in the total amounts of $5,767.66 and $6,224.84 are to be subtracted from the gross rents *92 of $6,424.08 and $2,800 for those years, respectively. This computation produces "adjusted ordinary gross income" from rental activities of $656.42 in 1970 and zero (in fact, a loss of $3,424.84) in 1971. Section 543(b)(2)(C) includes interest income in "adjusted ordinary gross income" and sets forth a list of exclusions. But none of the exclusions applies in this case. Accordingly, petitioner had "adjusted ordinary gross income" from interest of $6,097.75 in 1970 and $4,714.08 in 1971. Insofar as it is pertinent in this case, paragraphs (1) and (2) of section 543(a) define "personal holding company income," in general terms, to mean the portion of the "adjusted ordinary gross income" which consists of "interest" and "rents." The paragraphs exclude certain types of interest, but none of the exclusions applies in this case. The adjusted income from rents is not included if "such adjusted income constitutes 50 percent or more of the adjusted ordinary gross income" and the sum of the dividends paid during the taxable year equals or exceeds the amount (if any) by which the nonrental personal holding company income for that year exceeds 10 percent of its ordinary gross income. Thus *93 a corporation with substantial rental income may escape the personal holding company tax only by distributing its nonrental income. Petitioner did not do this and, therefore, petitioner's rental income is personal holding company income. Petitioner's rental income plus its interest income, both personal holding company income, thus constitute more than 60 percent of its "adjusted ordinary gross income," and unless an exclusion applies, petitioner is liable for the personal holding company tax imposed by section 541. Section 542(c) excludes from the personal holding company status certain types of corporations. The only exclusion for which petitioner might qualify is that of "a lending or finance company," sec. 542(c)(6). But this exclusion applies only if, among other things, 60 percent or more of the company's "ordinary gross income" is derived from "the active and regular conduct of a lending or finance business"; the personal holding company income for the taxable year computed by including "the entire amount of the gross income from rents, * * * is not more than 20 percent of the ordinary gross income"; and the expenses directly allocable to the lending or finance business equal *94 or exceed 15 percent of the ordinary gross income derived therefrom. Petitioner does not meet these requirements: 60 percent of its ordinary gross income was not derived from interest in 1970 ($6,424.08 from rents and $6,097.75 from interest); the entire amount of the gross income from rents ($2,800) exceeded 20 percent of the ordinary gross income (rents of $2,800, interest of $4,714.08, and $826 from the sale of property, a total gross income of $8,340.08) in 1971; and the finance and lending business expenses, as discussed below, did not reach 15 percent of the ordinary gross income derived from this phase of its operations. Petitioner does not dispute the correctness of respondent's calculations or the conclusion that petitioner comes squarely within the literal terms of the definition of a personal holding company. However, petitioner urges us not to be swayed by respondent's "sterile mathematical approach." Respondent's formulae, according to petitioner, lead to an absurd result: petitioner would be liable for the tax while engaged in two businesses, neither of which alone would cause liability for the tax. Petitioner argues that Congress did not intend that the tax apply under *95 such circumstances since there is no purpose to avoid taxation. Petitioner's argument lacks merit. First, petitioner is incorrect in its position that it could have engaged exclusively in the lending and financing aspect of its business without incurring the personal holding company tax. As noted above, section 542(c)(6) excludes lending or finance businesses from personal holding company status only if several enumerated conditions are met. The condition set forth in section 542(c)(6)(C) [2]/ would not be met even if petitioner's sole business activity had consisted of its consumer loans. That subsection requires that the expenses directly allocable to the lending business equal or exceed 15 percent of the ordinary gross income derived therefrom. The only expenses in the record which might be allocable to the lending business are $36.61 for advertising and $145.86 for accounting in 1970 and $58.92 for advertising in 1971. These amounts do not reach 15 percent of the interest income derived from the lending business in each of those years--$6,097.75 in 1970 and $4,714.08 in 1971. [3]
*96 Moreover, petitioner errs in contending that a subjective tax avoidance test is to be applied in determining whether the personal holding company tax applies. ; ; . Rather, Congress intended that the tests set out in sections 542 through 545 be applied objectively, and when satisfied they automatically trigger liability. ; ;; S. Rept. No. 558, 73d Cong., 2d Sess. (1934), 1939-1 C.B. (Part 2) 586, 597. [4]/ When Congress enacts a detailed statute and the legislative history supports what petitioner refers to as a "sterile mathematical approach," we are not at liberty to surmise a different congressional intent. , *97 cert. denied . We are compelled to conclude that the deficiencies must be sustained. Decision will be entered for the respondent.
Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue.
2. / SEC. 542. DEFINITION OF PERSONAL HOLDING COMPANY. (c) Exceptions.--The term "personal holding company" as defined in subsection (a) does not include-- * * *
(6) a lending or finance company if-- * * *
(C) the sum of the deductions which are directly allocable to the active and regular conduct of its lending or finance business equals or exceeds the sum of-- (i) 15 percent of so much of the ordinary gross income derived therefrom as does not exceed $500,000, plus (ii) 5 percent of so much of the ordinary gross income derived therefrom as exceeds $500,000 but not $1,000,000; * * * ↩
3. As to 1970, petitioner may be correct that its rental business alone could have been conducted without incurring the personal holding company tax. Sec. 543(a)(2)(A) and (B). As to 1971, however, we have pointed out in the text that petitioner had no adjusted gross income from rents (actually a loss of $3,424.84), so the tax would not have applied.↩
4. / S. Rept. No. 558, 73d Cong., 2d Sess. (1934), 1939-1 C.B. (Part 2) 586, 597, states: The effect of this system is to provide for a tax which will be automatically levied upon the holding company without any necessity for proving a purpose of avoiding surtaxes. * * *↩